UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEWIS,

        Petitioner,

v.                                        Civil No. 04-74381
                                            Criminal No. 01-80147
                                            Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

        Defendant.
_____

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR RECONSIDERATION OF HIS 28 USC § 2255 MOTION TO
VACATE, SET ASIDE, OR CORRECT JUDGMENT AND SENTENCE**

**I.  INTRODUCTION**

This matter is before the Court on Petitioner's Motion for Reconsideration of his 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence. [Doc. 49]. For the reasons stated below, the Court **DENIES** Petitioner's Motion.

**II.  BACKGROUND**

A jury convicted Petitioner of one count of being a felon in possession of a firearm in violation of 18 USC § 922(g) and one count of possession of an unregistered firearm in violation of 26 USC § 5861(d). On August 31, 2001, the Court sentenced the Petitioner to 112 months in prison. He unsuccessfully appealed to the Sixth Circuit and the United States Supreme Court.

On November 10, 2004, the Petitioner filed a Motion to Vacate, Set Aside, or Correct Judgment and Sentence pursuant to 28 USC § 2255. [Doc. 49], which was denied on April 1, 2005. [Doc. 52]. On April 19, 2005, the Petitioner filed a Motion for Reconsideration.

### III.   ARGUMENTS OF THE PARTIES

#### A.   Motion for Reconsideration

The Petitioner essentially reiterates much of what he argued in his § 2255 Motion.

##### 1.   Ineffective Assistance of Counsel

The Petitioner alleges his counsel was ineffective. He claims his counsel failed to interview witnesses, conduct adequate pretrial investigation, failed to move for suppression of evidence, failed to properly cross-examine witnesses, did not object to the pre-sentencing report, and did not object to errors in the sentencing guideline calculation.

##### 2.   Sixth Amendment Violation Regarding Sentencing

The Petitioner mentions the recent Supreme Court decisions of *Blakely* and *Booker* for the proposition that his sentence was unconstitutional. He argues that the facts used to increase his sentence under the Federal Sentencing Guidelines were not submitted to the jury under the reasonable doubt standard.

##### 3.   Prosecutorial Misconduct

The Petitioner asserts there was prosecutorial misconduct in the withholding of exculpatory evidence. He argues that the Government withheld the identity of a

witness, and he appears to claim that a witness testifying for the Government knew the identity of another witness who would have supported the Petitioner's defense.

### 4. Abuse of Discretion

The Petitioner alleges several errors by the Court. The Petitioner alleges it was error for the Court to allow evidence of the Petitioner's prior crimes. He claims it was not admissible to show knowledge, or as res gestae evidence. Additionally, the Petitioner argues the Court failed to properly instruct the jury regarding use of the prior crimes evidence. He claims the instruction given was vague and did not adequately inform the jury of the limited purpose for which it could consider the evidence. Lastly, the Petitioner reiterates his claim of error that his sentence was miscalculated.

### B. Government's Response to Defendant's Motion for Reconsideration

The Government responds by arguing the same objections it had to the Petitioner's original motion. The Government contends there is no basis for an ineffective assistance of counsel claim; the Petitioner merely listed the things he wished would have gone differently at trial. The Government claims there is no Sixth Amendment violation based on sentencing because the facts necessary to find the Defendant guilty were proved and one of the factors increasing his sentence (the obliteration of the serial numbers on the gun) was self-evident to the jury because the gun was presented as evidence. Also, the Government notes that the Petitioner did not receive the statutory maximum sentence for the offense.

### C. Petitioner's Reply to the Government's Response

The Petitioner replied that he did state a claim for ineffective assistance of

counsel because he provided a specific list of failures committed by his counsel and the errors listed "constitute ineffective assistance of counsel, in and of themselves." [Petitioner's Reply, p. 2].

Next, the Petitioner claims there was prosecutorial misconduct because he specifically identified the evidence withheld by the Government and alleges that the outcome of the trial would have been different.

Lastly, the Petitioner asserts that his sentence was unconstitutional because the factors in the sentencing guidelines were not considered by the jury. Additionally, he claims his crime was not a "crime of violence" because the burglary was of a "trailer coach." Further, he argues the gun was an antique and, therefore, the Court could not enhance his sentence under USSG 2K2.1(b)(4).

## IV. APPLICABLE LAW AND ANALYSIS

"To warrant relief under [28 USC §] 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial or injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. U.S.*, 330 F.3d 733, 736 (6th Cir. 2003). The Petitioner fails to do so in this case.

### A. Ineffective Assistance of Counsel

To sustain an ineffective assistance of counsel claim, the petitioner must prove that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Mason v. Mitchell*, 320 F.3d 604, 616 (6th Cir. 2003)(*citing Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An attorney's performance is deficient if it falls below an objective standard of reasonableness. *Id*. However, "[t]he objective standard of reasonableness is a highly deferential one and includes 'a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 616-617 (citation omitted).  To prove prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

The Petitioner lists several errors.  However, he fails to elaborate on the details of how these alleged "errors" differ from trial strategy.  The Petitioner does not demonstrate how his claimed errors fall below an objective standard of reasonableness.  *Mason*, 320 F.3d at 616-617.  While the Petitioner does offer several case cites purportedly demonstrating objective errors, he does not address how his laundry list of claimed errors are similar to the cases he cites.  Moreover, the Petitioner does not explain how but for the alleged errors, the outcome of trial would have been different.  Therefore, the Court **DENIES** the Petitioner's Motion for Reconsideration as it pertains to his ineffective assistance of counsel claim.

**B.    Sixth Amendment Violation with Regard to Sentencing**

The Petitioner alleges that his Sixth Amendment right to a trial by jury was violated because the Court enhanced his sentence based on judicial fact-finding.  This is essentially a claim under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004).  The Sixth Circuit held that the Supreme Court's intervening decision in *U.S. v. Booker*, --- U.S. ----, 125 S.Ct. 738 (2005), which now covers the Petitioner's claim filed in November 2004, does not apply retroactively to cases already final on direct review.  *Humphress v. U.S.*, 398 F.3d 855 (6th Cir. 2005).  Therefore, the Court **DENIES** the

Petitioner's Motion for Reconsideration based on this claim.

### C. Prosecutorial Misconduct

"It is well settled that the government has the obligation to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)(citation omitted). "Although courts have used different terminologies to define materiality, a majority of this Court has agreed, evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.*

At trial, the Government conceded the Petitioner was not the registered owner of the car. The Petitioner argued that the true owner of the car was the owner of the firearm. However, the jury convicted the Petitioner, presumably because it deemed the Government's proofs sufficient to establish that the Petitioner was the driver of the car, and the person who occupied the car.

The alleged evidence withheld is the identity of the owner of the car who would potentially have testified that the car was given to someone other than the Petitioner. The evidence is immaterial. The Petitioner does not demonstrate that this would change the outcome of the proceeding. Merely because the owner did not give the car to the Petitioner does not mean he did not have possession at the time of the crime. Therefore, the Court **DENIES** the Petitioner's Motion for Reconsideration of this claim.

### D. Abuse of Discretion

The Petitioner asserts abuse of discretion by the trial court. Specifically, he

contends the court abused its discretion by, (1) denying his motion in limine to exclude evidence of a prior crime; (2) improperly instructing the jury; and (3) failing to make findings to support a sentencing enhancement.

With respect to Petitioner's motion in limine claim, the Petitioner's conclusory allegations fail to establish an abuse of discretion. He disagrees with the Court's reasoning but fails to articulate how the Court's decision was an abuse of discretion. Additionally, the Petitioner makes no mention of how admission of the evidence prejudiced him. Therefore, the Court **DENIES** Petitioner's Motion for Reconsideration as it relates to the motion in limine.

The Petitioner alleges the Court abused its discretion by failing to give a clear and simple jury instruction pertaining to the purpose for which the jury may consider a portion of the evidence. The Court gave the following jury instruction regarding the Petitioner's criminal history:

> ...you will hear testimony concerning an attempted robbery at a service station and the attempted robbery is on a person by the name of Mr. Turner. That testimony may not be used by you as evidence of Mr. Lewis' guilt for the offense charged, but it is provided to you in an effort to develop a full disclosure of the facts surrounding the alleged commission of the charged offense.

Tr. at p. 91, Vol. I. Petitioner's allegation is without merit. Additionally, assuming arguendo that the jury instruction was insufficiently specific and clear, Petitioner fails to articulate how he was prejudiced. Therefore, the Court **DENIES** Petitioner's Motion for Reconsideration of this claim.

Lastly, the Petitioner's third allegation of abuse of discretion, failing to make

7

accurate findings in regard to sentencing enhancement factors, fails. The Petitioner argues the gun counted under USSG 2K2.1(b)(4) was improperly counted because it was an antique. 26 USC § 5845(g) defines an antique firearm as one manufactured in or before 1898. The Petitioner does not allege facts to support a finding that the gun was an antique. Additionally, the Petitioner maintains that his 1990 burglary conviction should not have been counted under USSG 2K2.1(a) because it was not a crime of violence. The Petitioner claims it was not a crime of violence because it was not burglary of a dwelling, but burglary of a trailer coach. As listed on the presentence report, a trailer is a residence. Both enhancements were properly counted.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion for Reconsideration of his 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　　　　**VICTORIA A. ROBERTS**
**DATED: 9/28/05**　　　　　　　　　　　　　**United States District Judge**