UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM LEWIS,

        Petitioner,

v.

                                       Civil No. 04-74381
                                       Criminal No. 01-80147
                                       Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

        Defendant.
_____

**<u>ORDER GRANTING CERTIFICATE OF APPEALABILITY</u>**

On September 26, 2005, the Court denied the Petitioner's Motion for

Reconsideration of his 28 USC § 2255 Motion to Vacate, Set Aside, or Correct

Judgment and Sentence.  The Court now issues a Certificate of Appealability regarding

certain specified issues.

An appeal from the district court's denial of a writ of habeas corpus may not be

taken unless a certificate of appealability (COA) is issued either by a circuit court or

district court judge.  *See* 28 USC § 2253(c)(1)(A) and F.R.A.P. 22(b).  If an appeal is

taken by an applicant for a writ of habeas corpus, the district court judge shall either

issue a certificate of appealability or state the reasons why a certificate of appealability

shall not issue.  F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial

showing of the denial of a constitutional right.  The substantial showing threshold is

1

satisfied when a petitioner demonstrates that the issues raised are debatable among reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further.  *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997).

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  "A prisoner seeking a COA must prove 'something more than absence of frivolity' 'or the existence of mere good faith on his or her part." *Id.* at 338.  However, the Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus.  *Id.*  "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.*

In this Circuit, the court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001)(*per curiam*).  If granted, the court must identify the issues for which the applicant made the required showing.  28 USC § 2253(c)(3); F.R.A.P. 22(b).  Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a certificate of appealability should issue has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding.  Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).

The Petitioner was convicted on August 23, 2001, of one count of being a felon in

2

possession of a firearm in violation of 18 USC § 922(g) and one count of possession of an unregistered firearm in violation of 26 USC § 5861(d).  The Petitioner sought habeas relief for his convictions on the following grounds:

A.    That he was denied the right to effective assistance of counsel when his trial lawyer failed to investigate and present evidence, failed to object, and failed to argue in support of Petitioner's Motion in limine;

B.    That his Sixth Amendment right to trial by jury was violated because his sentence was enhanced by judicial fact-finding and not subjected to the reasonable doubt standard;

C.    That there was prosecutorial misconduct for failure to disclose exculpatory evidence in the form of the identity of a witness who would potentially support the Petitioner's defense; and

D.    That the trial court abused its discretion by misapplying law to deny Petitioner's Motion in limine, giving inadequate jury instruction and by failing to make findings to support a sentence enhancement.

On review, the Court found the Petitioner did not make a sufficient showing on any of his claims.  Consequently, the Court denied Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence on April 1, 2005.

The Court finds that the Petitioner has made a substantial showing that reasonable jurists could disagree regarding all four grounds.  Accordingly, the Court issues a Certificate of Appealability.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: December 23, 2005**

3

**The undersigned certifies that a copy of this document was served on the attorneys of record & petitioner by electronic means or U.S. Mail on December 23, 2005.**

**s/Carol A. Pinegar**
**Deputy Clerk**